Olga I. May (SBN 232012), omay@fr.com
FISH & RICHARDSON P.C.
12390 El Camino Real
San Diego, California 92130
Telephone: (858) 678-4745
Facsimile: (858) 678-5099

Kurt L. Glitzenstein (Pro Hac Vice to be filed), glitzenstein@fr.com
FISH & RICHARDSON P.C.
One Marina Park Drive
Boston, MA 02210-1878
Telephone: (617) 542-5070
Facsimile: (617) 542-8906

Attorneys for Plaintiffs
CARL ZEISS AG and ASML NETHERLANDS B.V.

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| CARL ZEISS AG and ASML NETHERLANDS B.V.,<br><br>Plaintiffs,<br>v.<br><br>NIKON CORPORATION, SENDAI NIKON CORPORATION, and NIKON INC.,<br>Defendants. | Case No. 2:17-cv-03225<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

# COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs, Carl Zeiss AG ("Zeiss") and ASML Netherlands B.V. ("ASML") (collectively, "Plaintiffs"), by and through their attorneys, for their Complaint against Nikon Corporation, Sendai Nikon Corporation, and Nikon Inc. (collectively, "Defendants" or "Nikon"), hereby allege as follows:

## NATURE OF ACTION

1. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1 et seq., specifically including 35 U.S.C. § 271.

## THE PARTIES

2. Plaintiff Zeiss is a German corporation with its principal place of business located at Carl-Zeiss-Straße 22, Oberkochen, Germany 73447.

3. Plaintiff ASML is a Dutch entity with a principal place of business at De Run 6501, 5504 DR, Veldhoven, Netherlands.

4. On information and belief, Defendant Nikon Corporation is a corporation organized under the laws of Japan and having a principal place of business at Shinagawa Intercity Tower C, 2-15-3, Konan, Minato-ku, Tokyo 108-6290, Japan.

5. On information and belief, Defendant Sendai Nikon Corporation is a corporation organized under the laws of Japan and having a principal place of business at 277, Aza-hara, Tako, Natori, Miyagi 981-1221, Japan.

6. On information and belief, Defendant Nikon Inc. is a corporation organized under the laws of New York, having a principal place of business at 1300 Walt Whitman Road, Melville, NY 11747-3064. Nikon Inc. is a subsidiary of Defendant Nikon Corporation.

7. On information and belief, Nikon conducts business operations throughout the United States, including in the State of California.

## JURISDICTION

8. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a).

## PERSONAL JURISDICTION AND VENUE

9. This Court has personal jurisdiction over Nikon because, *inter alia*, Nikon has conducted and continues to conduct business in this judicial district, either directly, or through its subsidiaries, agents, and/or affiliates including, upon information and belief, by marketing, selling, offering for sale, and servicing digital camera products in the Central District of California.

10. On information and belief, Defendants Nikon Corporation and Sendai Nikon Corporation produce digital cameras and related software outside the United States that they offer for sale and sell either directly to customers in the United States, including the State of California, or provide directly and/or indirectly to Defendant Nikon Inc., for importation into the United States. The Court has personal jurisdiction over Nikon because Nikon has placed products that practice or embody the claimed inventions of the Patents-in-Suit into the stream of commerce in the United States, including this district, with the reasonable expectation and/or knowledge that purchasers of such products were located within this district. Additionally, Nikon derives substantial revenue from the sale of infringing products distributed within the district, and/or expect or should reasonably expect their actions to have consequences within the district, and derive substantial revenue from interstate and international commerce. Furthermore, Defendant Nikon Inc. has a factory service facility located in the Central District of California, which, upon information and belief, provides factory repair, photo, promotional, parts sales, and other services for Nikon digital cameras and parts that practice or embody the claimed inventions of the Patents-in-Suit. Additionally, upon information and belief, Defendant Nikon Inc. has at least thirty authorized Nikon dealers in California, including Nikon Professional Dealers and Nikon Imaging Dealers that sell, offer to

sell, and/or service Nikon digital cameras that practice or embody the claimed inventions of the Patents-in-Suit. This Court's exercise of personal jurisdiction over Nikon would therefore comport with due process.

11. This Court has jurisdiction over this action against the Nikon defendants because the subject matter of the action satisfies the requirements of 35 U.S.C. § 299(a) in that (1) it arises, at least in part, out of the same transaction, occurrence, or series of transactions or occurrences relating to the making, using, importing into the United States, offering for sale, and/or selling of the same digital camera products that practice or embody the claimed inventions of the Patents-in-suit, and (2) questions of fact common to the Nikon defendants will arise in the action.

12. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400. Upon information and belief, Defendant Nikon Inc. makes, uses, offers to sell, sells, and/or imports into this judicial district digital cameras that practice or embody the claimed inventions of the Patents-in-Suit either directly or through one or more Nikon Professional Dealers and/or Nikon Imaging Dealers, and has a regular and established place of business including a factory service and repair center located at 6420 Wilshire Blvd. #100, Los Angeles, CA 90048.

## PATENTS-IN-SUIT

13. On October 9, 2001, United States Patent No. 6,301,440 ("the '440 Patent"), entitled "System and Method for Automatically Setting Image Acquisition Controls," was duly and legally issued by the United States Patent and Trademark Office ("PTO"). A true and correct copy of the '440 Patent is attached as **Exhibit A** to this Complaint.

14. On October 8, 2002, United States Patent No. 6,463,163 ("the '163 Patent"), entitled "System and Method for Face Detection Using Candidate Image Region Selection," was duly and legally issued by the PTO. A true and correct copy of the '163 Patent is attached as **Exhibit B** to this Complaint.

15. On March 30, 2004, United States Patent No. 6,714,241 ("the '241 Patent"), entitled "Efficient Dark Current Subtraction in an Image Sensor," was duly and legally issued by the PTO. A true and correct copy of the '241 Patent is attached as **Exhibit C** to this Complaint.

16. On May 4, 2004, United States Patent No. 6,731,335 ("the '335 Patent"), entitled "CMOS Image Sensor Having Common Outputting Transistors and Method for Driving the Same," was duly and legally issued by the PTO. A true and correct copy of the '335 Patent is attached as **Exhibit D** to this Complaint.

17. On December 21, 2004, United States Patent No. 6,834,128 ("the '128 Patent"), entitled "Image Mosaicing System and Method Adapted to Mass-Market Hand-Held Digital Cameras," was duly and legally issued by the PTO. A true and correct copy of the '128 Patent is attached as **Exhibit E** to this Complaint.

18. On November 20, 2007, United States Patent No. 7,297,916 ("the '916 Patent"), entitled "Optically Improved CMOS Imaging Sensor Structure to Lower Imaging Lens Requirements," was duly and legally issued by the PTO. A true and correct copy of the '916 Patent is attached as **Exhibit F** to this Complaint.

19. On April 26, 2011, United States Patent No. 7,933,454 ("the '454 Patent"), entitled "Class-based Image Enhancement System," was duly and legally issued by the PTO. A true and correct copy of the '454 Patent is attached as **Exhibit G** to this Complaint.

20. The '440, '163, '241, '335, '128, '916, and '454 Patents are collectively referred to herein as the "Patents-in-Suit." By assignment, Zeiss and ASML own all right, title, and interest in and to the Patents-in-Suit. Plaintiffs have the right to sue and recover damages for the infringement of the Patents-in-Suit.

## FACTUAL BACKGROUND

21. Plaintiff Zeiss began operations in Jena, Germany, in 1846, originally specializing in the customized production of scientific tools and instruments. By the

early 1850s Zeiss began developing observation instruments, including microscopes, for the broader scientific community.

22. Over the past 165 years, Zeiss has expanded into nearly every major area of optics, with a diverse product lineup of industrial, research, medical, and consumer products. Today, Zeiss sells products ranging from microscopes, binoculars, rifle scopes, and eye glass lenses to ophthalmology instruments and lithography optics.

23. Zeiss's broad portfolio of optics-based products includes a diverse array of camera products. Cinematography lenses from Zeiss have helped to create distinctive images in many famous movies, including *The Lord of the Rings* trilogy, and Zeiss received three Technical Academy Awards for the lenses. Zeiss's lenses for technical applications assist scientists and engineers in a wide array of applications, from quality assurance to satellite optics. Zeiss monoculars with integrated digital cameras help nature-watchers around the world not only observe wildlife, but capture and preserve their images as well. Lenses from Zeiss are used in devices all over the world, for example, in digital single-lens reflex cameras, mirrorless digital cameras, and rangefinder cameras. Zeiss is actively engaged in expanding its already substantial business in the field of optical devices with innovative new products.

24. Plaintiff ASML was founded in 1984, and designs, develops, manufactures, and sells lithography systems for the semiconductor industry. ASML's products enable semiconductor manufacturers to create chips that power electronic, communications, and information technology products.

25. On information and belief, Nikon designs, manufactures, markets, sells, and imports into the United States digital cameras, including digital single-lens reflex cameras, compact digital cameras, and mirrorless digital cameras. On information and belief, Nikon Corporation and Sendai Nikon Corporation produce digital cameras and related software outside the United States that they sell either directly to

customers in the United States or provide to Defendant Nikon Inc. for importation into the United States.

26. On information and belief, Nikon's manufacture, promotion, repair, servicing, use, sale and/or offer to sell in the United States, and/or importation into the United States, of its digital cameras infringe one or more claims of each of the Patents-in-Suit, directly or indirectly.

**COUNT I**

**(Infringement of U.S. Patent No. 6,301,440)**

27. Plaintiffs repeat and re-allege paragraphs 1-26 above as if fully set forth herein.

28. On information and belief, Nikon designs, manufactures, markets, imports, and sells digital cameras that infringe one or more claims of the '440 Patent, either literally or under the doctrine of equivalents, including at least claims 1-4, 6-10, 12-14, 16-19, 21-28, 30-35, 37-44, 46-50, and 52-56 under 35 U.S.C. §§ 271(a), (b), and/or (c). These digital cameras include, but are not limited to, Nikon's Coolpix S9900 digital camera, Nikon's D3300 digital camera, and Nikon's D500 digital camera. An exemplary list of infringing devices is provided as **Exhibit H**.

29. Nikon has directly infringed, and continues to directly infringe, at least one claim of the '440 Patent under 35 U.S.C. § 271(a) by making, using, selling, and/or offering for sale digital cameras and components thereof within the United States, and/or by importing digital cameras and components thereof into the United States. **Exhibit I** to this Complaint describes a non-limiting example of Nikon's infringement, based on Plaintiffs' current information and belief. Plaintiffs make this preliminary and exemplary identification of infringing products and infringed claims without the benefit of discovery or claim construction in this action, and expressly reserve the right to augment, supplement, and revise their contentions based on additional information obtained through discovery or otherwise, pursuant to the

Federal Rules of Civil Procedure, to this Court's Local Rules and any applicable Patent Local Rules, and/or as is otherwise appropriate.

30. In addition, Nikon has induced, and continues to induce, infringement of at least one claim of the '440 Patent under 35 U.S.C. § 271(b) by, among other things, actively and knowingly aiding and abetting others (including Nikon's authorized dealers and repair service providers, retailers, consumers, and end users) to infringe the '440 patent with the specific intent to encourage their infringement, through activities such as marketing Nikon's products, creating and distributing promotional and product literature for infringing digital cameras, and offering technical support and services for infringing digital cameras that are designed to instruct, encourage, enable, and facilitate the use of the digital cameras in a manner that infringes the '440 patent. Upon information and belief, Nikon induces such infringing acts and knows or is willfully blind to the fact that its actions would induce actual infringement of the '440 Patent. Nikon had actual notice of the Patents-in-Suit at least upon the filing or service of this Complaint.

31. Furthermore, Nikon has contributed to, and continues to contribute to, infringement of at least one claim of the '440 Patent under 35 U.S.C. § 271(c) through Nikon's sale and offers to sell within the United States and/or importation into the United States of digital cameras and components thereof, constituting a material part of the inventions claimed in the '440 Patent, knowing the same to be especially made or adapted for use in infringement of the '440 Patent, and not a staple article or commodity of commerce suitable for substantial non-infringing use.

32. Plaintiffs are entitled to damages in accordance with 35 U.S.C. § 284.

## COUNT II

## (Infringement of U.S. Patent No. 6,463,163)

33. Plaintiffs repeat and re-allege paragraphs 1-26 above as if fully set forth herein.

34. On information and belief, Nikon designs, manufactures, markets, imports, and sells digital cameras that infringe one or more claims of the ’163 Patent, either literally or under the doctrine of equivalents, including at least claims 1-4, 6-7, 9-11, 14-16, and 19 under 35 U.S.C. §§ 271(a), (b), and/or (c). These digital cameras include, but are not limited to, Nikon’s Coolpix S9900 digital camera and Nikon’s D3300 digital camera. An exemplary list of infringing devices is provided as **Exhibit H**.

35. Nikon has directly infringed, and continues to directly infringe, at least one claim of the ’163 Patent under 35 U.S.C. § 271(a) by making, using, selling, and/or offering for sale digital cameras and components thereof within the United States, and/or by importing digital cameras and components thereof into the United States. **Exhibit J** to this Complaint describes a non-limiting example of Nikon’s infringement, based on Plaintiffs’ current information and belief. Plaintiffs make this preliminary and exemplary identification of infringing products and infringed claims without the benefit of discovery or claim construction in this action, and expressly reserve the right to augment, supplement, and revise their contentions based on additional information obtained through discovery or otherwise, pursuant to the Federal Rules of Civil Procedure, to this Court’s Local Rules and any applicable Patent Local Rules, and/or as is otherwise appropriate.

36. In addition, Nikon has induced, and continues to induce, infringement of at least one claim of the ’163 Patent under 35 U.S.C. § 271(b) by, among other things, actively and knowingly aiding and abetting others (including Nikon’s authorized dealers and repair service providers, retailers, consumers, and end users) to infringe the ’163 Patent with the specific intent to encourage their infringement, through activities such as marketing Nikon’s products, creating and distributing promotional and product literature for infringing digital cameras, and offering technical support and services for infringing digital cameras that are designed to instruct, encourage, enable, and facilitate the use of the digital cameras in a manner

that infringes the ’163 Patent. Upon information and belief, Nikon induces such infringing acts and knows or is willfully blind to the fact that its actions would induce actual infringement of the ’163 Patent. Nikon had actual notice of the Patents-in-Suit at least upon the filing or service of this Complaint.

37. Furthermore, Nikon has contributed to, and continues to contribute to, infringement of at least one claim of the ’163 Patent under 35 U.S.C. § 271(c) through Nikon’s sale and offers to sell within the United States and/or importation into the United States of digital cameras and components thereof, constituting a material part of the inventions claimed in the ’163 Patent, knowing the same to be especially made or adapted for use in infringement of the ’163 Patent, and not a staple article or commodity of commerce suitable for substantial non-infringing use.

38. Plaintiffs are entitled to damages in accordance with 35 U.S.C. § 284.

**COUNT III**

**(Infringement of U.S. Patent No. 6,714,241)**

39. Plaintiffs repeat and re-allege paragraphs 1-26 above as if fully set forth herein.

40. On information and belief, Nikon designs, manufactures, markets, imports, and sells digital cameras that infringe one or more claims of the ’241 Patent, either literally or under the doctrine of equivalents, including at least claims 1-3, 5-12, and 14-18 under 35 U.S.C. §§ 271(a), (b), and/or (c). These digital cameras include, but are not limited to, Nikon’s 1 V3 digital camera. An exemplary list of infringing devices is provided as **Exhibit H**.

41. Nikon has directly infringed, and continues to directly infringe, at least one claim of the ’241 Patent under 35 U.S.C. § 271(a) by making, using, selling, and/or offering for sale digital cameras and components thereof within the United States, and/or by importing digital cameras and components thereof into the United States. **Confidential Exhibit K** to this Complaint describes a non-limiting example of Nikon’s infringement, based on Plaintiffs’ current information and belief.

Plaintiffs make this preliminary and exemplary identification of infringing products and infringed claims without the benefit of discovery or claim construction in this action, and expressly reserve the right to augment, supplement, and revise their contentions based on additional information obtained through discovery or otherwise, pursuant to the Federal Rules of Civil Procedure, to this Court's Local Rules and any applicable Patent Local Rules, and/or as is otherwise appropriate.

42. In addition, Nikon has induced, and continues to induce, infringement of at least one claim of the '241 Patent under 35 U.S.C. § 271(b) by, among other things, actively and knowingly aiding and abetting others (including Nikon's authorized dealers and repair service providers, retailers, consumers, and end users) to infringe the '241 Patent with the specific intent to encourage their infringement, through activities such as marketing Nikon's products, creating and distributing promotional and product literature for infringing digital cameras, and offering technical support and services for infringing digital cameras that are designed to instruct, encourage, enable, and facilitate the use of the digital cameras in a manner that infringes the '241 Patent. Upon information and belief, Nikon induces such infringing acts and knows or is willfully blind to the fact that its actions would induce actual infringement of the '241 Patent. Nikon had actual notice of the Patents-in-Suit at least upon the filing or service of this Complaint.

43. Furthermore, Nikon has contributed to, and continues to contribute to, infringement of at least one claim of the '241 Patent under 35 U.S.C. § 271(c) through Nikon's sale and offers to sell within the United States and/or importation into the United States of digital cameras and components thereof, constituting a material part of the inventions claimed in the '241 Patent, knowing the same to be especially made or adapted for use in infringement of the '241 Patent, and not a staple article or commodity of commerce suitable for substantial non-infringing use.

44. Plaintiffs are entitled to damages in accordance with 35 U.S.C. § 284.

**COUNT IV**

**(Infringement of U.S. Patent No. 6,731,335)**

45. Plaintiffs repeat and re-allege paragraphs 1-26 above as if fully set forth herein.

46. On information and belief, Nikon designs, manufactures, markets, imports, and sells digital cameras that infringe one or more claims of the ’335 Patent, either literally or under the doctrine of equivalents, including at least claims 1-12 under 35 U.S.C. §§ 271(a), (b), and/or (c). These digital cameras include, but are not limited to, Nikon’s D4S digital camera and Nikon’s Df digital camera. An exemplary list of infringing devices is provided as **Exhibit H**.

47. Nikon has directly infringed, and continues to directly infringe, at least one claim of the ’335 Patent under 35 U.S.C. § 271(a) by making, using, selling, and/or offering for sale digital cameras and components thereof within the United States, and/or by importing digital cameras and components thereof into the United States. **Confidential Exhibit L** to this Complaint describes a non-limiting example of Nikon’s infringement, based on Plaintiffs’ current information and belief. Plaintiffs make this preliminary and exemplary identification of infringing products and infringed claims without the benefit of discovery or claim construction in this action, and expressly reserve the right to augment, supplement, and revise their contentions based on additional information obtained through discovery or otherwise, pursuant to the Federal Rules of Civil Procedure, to this Court’s Local Rules and any applicable Patent Local Rules, and/or as is otherwise appropriate.

48. In addition, Nikon has induced, and continues to induce, infringement of at least one claim of the ’335 Patent under 35 U.S.C. § 271(b) by, among other things, actively and knowingly aiding and abetting others (including Nikon’s authorized dealers and repair service providers, retailers, consumers, and end users) to infringe the ’335 Patent with the specific intent to encourage their infringement, through activities such as marketing Nikon’s products, creating and distributing

promotional and product literature for infringing digital cameras, and offering technical support and services for infringing digital cameras that are designed to instruct, encourage, enable, and facilitate the use of the digital cameras in a manner that infringes the ’335 Patent. Upon information and belief, Nikon induces such infringing acts and knows or is willfully blind to the fact that its actions would induce actual infringement of the ’335 Patent. Nikon had actual notice of the Patents-in-Suit at least upon the filing or service of this Complaint.

49. Furthermore, Nikon has contributed to, and continues to contribute to, infringement of at least one claim of the ’335 Patent under 35 U.S.C. § 271(c) through Nikon’s sale and offers to sell within the United States and/or importation into the United States of digital cameras and components thereof, constituting a material part of the inventions claimed in the ’335 Patent, knowing the same to be especially made or adapted for use in infringement of the ’335 Patent, and not a staple article or commodity of commerce suitable for substantial non-infringing use.

50. Plaintiffs are entitled to damages in accordance with 35 U.S.C. § 284.

## COUNT V

## (Infringement of U.S. Patent No. 6,834,128)

51. Plaintiffs repeat and re-allege paragraphs 1-26 above as if fully set forth herein.

52. On information and belief, Nikon designs, manufactures, markets, imports, and sells digital cameras that infringe one or more claims of the ’128 Patent, either literally or under the doctrine of equivalents, including at least claims 1-2, 4-5, 12-13, 16-17, and 19 under 35 U.S.C. §§ 271(a), (b), and/or (c). These digital cameras include, but are not limited to, Nikon’s 1 V3 digital camera, and Nikon’s D3300 digital camera. An exemplary list of infringing devices is provided as **Exhibit H**.

53. Nikon has directly infringed, and continues to directly infringe, at least one claim of the ’128 Patent under 35 U.S.C. § 271(a) by making, using, selling,

and/or offering for sale digital cameras and components thereof within the United States, and/or by importing digital cameras and components thereof into the United States. **Exhibit M** to this Complaint describes a non-limiting example of Nikon's infringement, based on Plaintiffs' current information and belief. Plaintiffs make this preliminary and exemplary identification of infringing products and infringed claims without the benefit of discovery or claim construction in this action, and expressly reserve the right to augment, supplement, and revise their contentions based on additional information obtained through discovery or otherwise, pursuant to the Federal Rules of Civil Procedure, to this Court's Local Rules and any applicable Patent Local Rules, and/or as is otherwise appropriate.

54. In addition, Nikon has induced, and continues to induce, infringement of at least one claim of the '128 Patent under 35 U.S.C. § 271(b) by, among other things, actively and knowingly aiding and abetting others (including Nikon's authorized dealers and repair service providers, retailers, consumers, and end users) to infringe the '128 Patent with the specific intent to encourage their infringement, through activities such as marketing Nikon's products, creating and distributing promotional and product literature for infringing digital cameras, and offering technical support and services for infringing digital cameras that are designed to instruct, encourage, enable, and facilitate the use of the digital cameras in a manner that infringes the '128 Patent. Upon information and belief, Nikon induces such infringing acts and knows or is willfully blind to the fact that its actions would induce actual infringement of the '128 Patent. Nikon had actual notice of the Patents-in-Suit at least upon the filing or service of this Complaint.

55. Furthermore, Nikon has contributed to, and continues to contribute to, infringement of at least one claim of the '128 Patent under 35 U.S.C. § 271(c) through Nikon's sale and offers to sell within the United States and/or importation into the United States of digital cameras and components thereof, constituting a material part of the inventions claimed in the '128 Patent, knowing the same to be

especially made or adapted for use in infringement of the ’128 Patent, and not a staple article or commodity of commerce suitable for substantial non-infringing use.

56. Plaintiffs are entitled to damages in accordance with 35 U.S.C. § 284.

**COUNT VI**

**(Infringement of U.S. Patent No. 7,297,916)**

57. Plaintiffs repeat and re-allege paragraphs 1-26 above as if fully set forth herein.

58. On information and belief, Nikon designs, manufactures, markets, imports, and sells digital cameras that infringe one or more claims of the ’916 Patent, either literally or under the doctrine of equivalents, including at least claims 1-9 under 35 U.S.C. §§ 271(a), (b), and/or (c). These digital cameras include, but are not limited to, Nikon’s D7100 digital camera. An exemplary list of infringing devices is provided as **Exhibit H**.

59. Nikon has directly infringed, and continues to directly infringe, at least one claim of the ’916 Patent under 35 U.S.C. § 271(a) by making, using, selling, and/or offering for sale digital cameras and components thereof within the United States, and/or by importing digital cameras and components thereof into the United States. **Confidential Exhibit N** to this Complaint describes a non-limiting example of Nikon’s infringement, based on Plaintiffs’ current information and belief. Plaintiffs make this preliminary and exemplary identification of infringing products and infringed claims without the benefit of discovery or claim construction in this action, and expressly reserve the right to augment, supplement, and revise their contentions based on additional information obtained through discovery or otherwise, pursuant to the Federal Rules of Civil Procedure, to this Court’s Local Rules and any applicable Patent Local Rules, and/or as is otherwise appropriate.

60. In addition, Nikon has induced, and continues to induce, infringement of at least one claim of the ’916 Patent under 35 U.S.C. § 271(b) by, among other things, actively and knowingly aiding and abetting others (including Nikon’s

authorized dealers and repair service providers, retailers, consumers, and end users) to infringe the ’916 Patent with the specific intent to encourage their infringement, through activities such as marketing Nikon’s products, creating and distributing promotional and product literature for infringing digital cameras, and offering technical support and services for infringing digital cameras that are designed to instruct, encourage, enable, and facilitate the use of the digital cameras in a manner that infringes the ’916 Patent. Upon information and belief, Nikon induces such infringing acts and knows or is willfully blind to the fact that its actions would induce actual infringement of the ’916 Patent. Nikon had actual notice of the Patents-in-Suit at least upon the filing or service of this Complaint.

61. Furthermore, Nikon has contributed to, and continues to contribute to, infringement of at least one claim of the ’916 Patent under 35 U.S.C. § 271(c) through Nikon’s sale and offers to sell within the United States and/or importation into the United States of digital cameras and components thereof, constituting a material part of the inventions claimed in the ’916 Patent, knowing the same to be especially made or adapted for use in infringement of the ’916 Patent, and not a staple article or commodity of commerce suitable for substantial non-infringing use.

62. Plaintiffs are entitled to damages in accordance with 35 U.S.C. § 284.

**COUNT VII**

**(Infringement of U.S. Patent No. 7,933,454)**

63. Plaintiffs repeat and re-allege paragraphs 1-26 above as if fully set forth herein.

64. On information and belief, Nikon designs, manufactures, markets, imports, and sells digital cameras that infringe one or more claims of the ’454 Patent, either literally or under the doctrine of equivalents, including at least claims 1-2, 4-12, and 16-28 under 35 U.S.C. §§ 271(a), (b), and/or (c). These digital cameras include, but are not limited to, Nikon’s Coolpix S9900 digital camera and Nikon’s

D500 digital camera. An exemplary list of infringing devices is provided as **Exhibit H**.

65. Nikon has directly infringed, and continues to directly infringe, at least one claim of the '454 Patent under 35 U.S.C. § 271(a) by making, using, selling, and/or offering for sale digital cameras and components thereof within the United States, and/or by importing digital cameras and components thereof into the United States. **Exhibit O** to this Complaint describes a non-limiting example of Nikon's infringement, based on Plaintiffs' current information and belief. Plaintiffs make this preliminary and exemplary identification of infringing products and infringed claims without the benefit of discovery or claim construction in this action, and expressly reserve the right to augment, supplement, and revise their contentions based on additional information obtained through discovery or otherwise, pursuant to the Federal Rules of Civil Procedure, to this Court's Local Rules and any applicable Patent Local Rules, and/or as is otherwise appropriate.

66. In addition, Nikon has induced, and continues to induce, infringement of at least one claim of the '454 Patent under 35 U.S.C. § 271(b) by, among other things, actively and knowingly aiding and abetting others (including Nikon's authorized dealers and repair service providers, retailers, consumers, and end users) to infringe the '454 Patent with the specific intent to encourage their infringement, through activities such as marketing Nikon's products, creating and distributing promotional and product literature for infringing digital cameras, and offering technical support and services for infringing digital cameras that are designed to instruct, encourage, enable, and facilitate the use of the digital cameras in a manner that infringes the '454 Patent. Upon information and belief, Nikon induces such infringing acts and knows or is willfully blind to the fact that its actions would induce actual infringement of the '454 Patent. Nikon had actual notice of the Patents-in-Suit at least upon the filing or service of this Complaint.

67. Furthermore, Nikon has contributed to, and continues to contribute to, infringement of at least one claim of the '454 Patent under 35 U.S.C. § 271(c) through Nikon's sale and offers to sell within the United States and/or importation into the United States of digital cameras and components thereof, constituting a material part of the inventions claimed in the '454 Patent, knowing the same to be especially made or adapted for use in infringement of the '454 Patent, and not a staple article or commodity of commerce suitable for substantial non-infringing use.

68. Plaintiffs are entitled to damages in accordance with 35 U.S.C. § 284.

## PRAYER FOR RELIEF

Plaintiffs respectfully pray for the following relief:

a) For a judgment in favor of Plaintiffs that Nikon has infringed, induced others to infringe, and/or contributorily infringed the Patents-in-Suit;

b) For an award of damages sufficient to compensate Plaintiffs for Nikon's infringement of the Patents-in-Suit in an amount not less than a reasonable royalty;

c) For a judgment in favor of Plaintiffs that this case is "exceptional" under 35 U.S.C. § 285, and an award to Plaintiffs of their reasonable attorneys' fees incurred in this action;

d) For an award of pre- and post-judgment interest, and the taxation of all allowable costs against Nikon;

e) That Nikon be ordered to provide an accounting for the damages resulting from the infringement of the Patents-in-Suit, together with interest and costs, and all other damages permitted by 35 U.S.C. § 284, including an accounting for infringing sales not presented at trial and an award by the court of additional damages for any such infringing sales; and

f) For such other and further relief as this Court shall deem appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all issues on which trial by jury is available under applicable law.

Dated: April 28, 2017

FISH & RICHARDSON P.C.

By: */s/ Olga May*

Olga I. May (SBN 232012),
omay@fr.com
FISH & RICHARDSON P.C.
12390 El Camino Real
San Diego, California 92130
Telephone: (858) 678-4745
Facsimile: (858) 678-5099

Kurt L. Glitzenstein (Pro Hac Vice to be filed), glitzenstein@fr.com
FISH & RICHARDSON P.C.
One Marina Park Drive
Boston, MA 02210-1878
Telephone: (617) 542-5070
Facsimile: (617) 542-8906

Attorneys for Plaintiffs
CARL ZEISS AG and ASML NETHERLANDS B.V.